# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY <br> AND ETHICS IN WASHINGTON, <br> 455 Massachusetts Ave., N.W. <br> Washington, D.C. 20001 <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL SECURITY AGENCY <br> 9800 Savage Road <br> Suite 69321 <br> Fort Meade, MD 20755 <br><br> and <br><br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br><br> Defendants. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the National Security Agency ("NSA"), a component of the U.S. Department of Defense ("DOD"), and the failure of the Central Intelligence Agency ("CIA"), to disclose to CREW pursuant to the FOIA records relating to the meeting President Donald Trump had with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak on May 10, 2017.

2. This action seeks a declaratory judgment that NSA is in violation of FOIA, 5 U.S.C. §§ 552(a)(8), and (b)(1) and (b)(3), by refusing to provide CREW with all responsive documents

it sought under FOIA when it improperly claimed it could neither confirm nor deny the existence of responsive records, a "*Glomar*" response. CREW further seeks a declaratory judgment that the CIA is in violation of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), and (a)(8), by refusing to respond to CREW's FOIA request and refusing to search for and provide CREW with all responsive documents sought. Further, this action seeks injunctive relief ordering the Defendants to process and release to CREW the requested records in their entirety.

## Jurisdiction and Venue

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under Section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under FOIA.

5. Defendants NSA and CIA are agencies within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. The NSA is a component within DOD. NSA and CIA are the federal agencies with possession and control of the requested records and are responsible for fulfilling Plaintiff's FOIA requests.

2

## Facts

6. On May 10, 2017, President Trump met with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak in the Oval Office.

7. During this meeting, President Trump shared what until then was highly classified information with Mr. Lavrov and Mr. Kislyak regarding common threats that both Russia and the United States face from terrorist organizations.

8. On May 15, 2017, the President's National Security Advisor, H.R. McMaster, who was present at the Oval Office meeting, confirmed many significant details that the press reported about the meeting. He specifically said that the President and Foreign Minister discussed threats to civil aviation.

9. On May 16, 2017, President Trump tweeted, "As President, I wanted to share with Russia (at an openly scheduled W.H. meeting) which I have the absolute right to do, facts pertaining…to terrorism and airline flight safety. Humanitarian reasons, plus I want Russia to greatly step up their fight against ISIS & terrorism."

### *NSA FOIA Request*

10. By letter dated May 16, 2017, delivered by facsimile, CREW requested from NSA under the FOIA the following:

   a. Records documenting and/or confirming a call or calls between Thomas P. Bossert, assistant to the president for homeland security and counterterrorism, and NSA Director Michael S. Rogers and/or any other NSA official concerning the meeting President Donald Trump had with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak on May 10, 2017;

    b. Documents relating to and reflecting the information President Trump shared with Mr. Lavrov and Mr. Kislyak during their May 10, 2017 meeting, including, but not limited to, common threats that both Russia and the United States face from terrorist organizations; and

    c. Transcripts or other recordings of President Trump's May 10, 2017 meeting with Mr. Lavrov and Mr. Kislyak.

11. CREW's May 16, 2017 letter to NSA also requested expedited processing of its FOIA request. As CREW explained, given the turmoil that President's Trump's disclosure of highly sensitive information to Russia caused, the urgency to restore the public's faith and confidence in our national security apparatus could not be greater. Further, the value of this information will be lost if not disseminated quickly.

12. By letter dated August 30, 2017, NSA responded to CREW's request and assigned it Number 101635A. NSA stated that it was unable to confirm or deny the existence of the documents requested, citing Exemption 1 of the FOIA (5 U.S.C. § 552(b)(1)), as authorized by Executive Order 13526. This is commonly known as a *Glomar* response. NSA further invoked Exemption 3 of the FOIA (5, U.S.C. § 552(b)(3)), which exempts from disclosure information specifically exempted from disclosure by other statutes. Specifically, as to Exemption 3, NSA cited 18 U.S.C. § 798; 50 U.S.C. § 3024(i); and Section 6, Public Law 86-36 (50 U.S.C. § 3605).

13. By letter November 27, 2017, delivered by e-mail and facsimile, CREW filed a timely administrative appeal with the NSA. CREW explained how NSA's original decision refusing to confirm or deny the existence of records was erroneous because, *inter alia,* both President Trump and National Security Advisor McMaster had already publicly acknowledged that responsive records exist.

14. By letter dated December 6, 2017, NSA denied the appeal, concluding that both the invocation of a *Glomar* response and FOIA Exemptions 1 and 3 were appropriate.

*CIA FOIA Request*

15. By letter dated May 16, 2017, delivered by facsimile, CREW requested from the CIA under the FOIA the following:

   a) Records documenting and/or confirming a call or calls between Thomas P. Bossert, assistant to the president for homeland security and counterterrorism, and CIA Director Mike Pompeo and/or any other CIA official concerning the meeting President Donald Trump had with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak on May 10, 2017;

   b) Documents relating to and reflecting the information President Trump shared with Mr. Lavrov and Mr. Kislyak during their May 10, 2017 meeting, including, but not limited to, common threats that both Russia and the United States face from terrorist organizations; and

   c) Transcripts or other recordings of President Trump's May 10, 2017 meeting with Mr. Lavrov and Mr. Kislyak.

16. CREW's May 16, 2017 letter to the CIA also requested expedited processing of its FOIA request in light of the urgency to restore the public's faith and confidence in our national security apparatus.

17. By letter dated May 17, 2017, the CIA acknowledged receipt of CREW's request and granted CREW's request for expedited processing of its FOIA request (Reference: F-2017-01727). The letter stated that CREW had established a "compelling need" for the information as set forth in 32 C.F.R. § 1900.34.

18. Since the CIA's letter dated May 17, 2017, granting expedited processing, CREW has received no response or communication from the CIA regarding its FOIA request. The CIA has not notified CREW in writing of unusual circumstances requiring a delay of its response pursuant to 5 U.S.C. § 552(a)(6)(B).

## Plaintiff's Claims for Relief

### Claim I
### NSA's Wrongful Withholding of Non-Exempt Records

19. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-18 as fully set forth herein.

20. Defendant NSA wrongfully withheld all responsive documents by unlawfully asserting a *Glomar* response and by refusing to acknowledge the existence or non-existence of the records requested.

21. Defendant NSA wrongfully withheld all responsive documents pursuant to FOIA Exemptions 1 and 3, which do not apply to the requested records.

22. Plaintiff has a statutory right to the records it seeks, and there is no legal basis for the defendant NSA's refusal to disclose them.

23. Therefore, by failing to release the records specifically requested by the Plaintiff, defendant NSA violated the FOIA.

### Claim II
### CIA's Failure to Respond to FOIA Request

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1-23 as though fully set forth therein.

25. Plaintiff properly requested records within the custody and control of the CIA pursuant to the FOIA.

26. Defendant CIA received and acknowledged Plaintiff's request for documents and granted expedited processing.

27. Despite agreeing to expedite CREW's request, to date defendant CIA has failed to conduct a search for responsive records, and to provide CREW with all responsive, non-exempt documents, nor has it cited a legal basis for its failure to respond.

28. Plaintiff has a statutory right to the records it seeks, and there is no legal basis for the defendant CIA's refusal to disclose them.

29. Therefore, by failing to release the records specifically requested by the Plaintiff, defendant CIA has violated the FOIA.

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that the records sought by the Plaintiff are subject to the FOIA;

(2) Declare that the Plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Declare that the failure of the Defendants to review and release records responsive to Plaintiff's request is unlawful;

(4) Order Defendants to fully and expeditiously process Plaintiff's May 16, 2017 FOIA requests and disclose all responsive records immediately to Plaintiff;

(5) Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

(6) Award Plaintiff its costs and reasonable attorneys' fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

By: _____
Jeffrey S. Gutman (D.C. Bar #416954)
Heather Herald (L.S. #15902)
Caroline Merlin (L.S. #15904)
George Washington University Law School
Public Justice Advocacy Clinic
2000 G Street, N.W.
Washington D.C. 20052
(202) 994-5797 (tel.)
(202) 994-4693 (fax)
jgutman@law.gwu.edu (email)

*Attorneys for Plaintiff*

Dated:   March 14, 2018