**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) ) Plaintiff, ) ) v. ) ) NATIONAL SECURITY AGENCY, et al. ) ) Defendants. ) ) | Civil Action No. 18-00569 |

**MOTION TO STAY PROCEEDINGS**

Defendants National Security Agency ("NSA") and Central Intelligence Agency ("CIA") (collectively, "Defendants"), respectfully move the Court for a temporary stay of these proceedings initiated under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants have informed Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff") that they can neither confirm nor deny whether they possess records responsive to Plaintiff's requests without revealing information that is exempt from disclosure by FOIA—a so-called "Glomar" response. *See* Joint Proposed Schedule, Dkt. No. 9. In a related case that is awaiting a ruling on cross-motions for partial summary judgment, the plaintiff submitted substantively indistinguishable FOIA requests to the CIA and NSA, and the agencies likewise issued Glomar responses for the same reasons presented here. *See The James Madison Project, et al. v. Central Intelligence Agency, et al.*, Case No. 17-01231 (ABJ) (D.D.C.), Compl. ¶ 10, Dkt. No. 1. Because a decision in *The James Madison Project* as to whether the NSA and CIA

properly issued their Glomar responses will likely benefit the Court's adjudication of this case, Defendants respectfully move for a temporary stay of these proceedings.[1]

## BACKGROUND

### I. The Instant Lawsuit

By letter dated May 16, 2017, Plaintiff submitted its FOIA requests to the NSA and CIA seeking three types of "records relating to the meeting President Donald Trump had with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak on May 10, 2017." *See* Compl. ¶ 1. In particular, Plaintiff sought the following:

- Records documenting and/or confirming a call or calls between Thomas P. Bossert, assistant to the president for homeland security and counterterrorism, and NSA Director Michael S. Rogers and/or any other NSA official concerning the meeting President Donald Trump had with Russian Foreign Minister Sergei Lavrov and Russian Ambassador Sergey Kislyak on May 10, 2017;

- Documents relating to and reflecting the information President Trump shared with Mr. Lavrov and Mr. Kislyak during their May 10, 2017 meeting, including, but not limited to, common threats that both Russia and the United States face from terrorist organizations; and

- Transcripts or other recordings of President Trump's May 10, 2017 meeting with Mr. Lavrov and Mr. Kislyak.

*See* Compl. ¶¶ 10, 15. Plaintiff filed this lawsuit on March 14, 2018, seeking the requested records. *Id.* The CIA and NSA each informed Plaintiff that they could neither confirm nor deny whether they possess records responsive to Plaintiff's requests without revealing information that is exempt from disclosure by FOIA. *See* Joint Proposed Schedule, Dkt. No. 9.

---

[1] Pursuant to Local Rule 7(m), the undersigned counsel contacted Plaintiff's counsel, Mr. Jeffrey Gutman, to determine his position with regard to this motion. Mr. Gutman informed the undersigned that Plaintiff "suspect[s] that we would oppose."

II.     *The James Madison Project, et al. v. Central Intelligence Agency, et al.*

This case arose from identical FOIA requests the plaintiffs submitted to the CIA, NSA, Federal Bureau of Investigation, Department of State, and Defense Intelligence Agency. *See* Case No. 17-01231, Compl. ¶¶ 17, 26, 31, 36, 42, Dkt. No. 1.  The requests sought three categories of records related to "the circumstances surrounding the decision by President Donald J. Trump . . . to convey classified information to Russian Government officials during a May 10, 2017, meeting in the Oval Office." *Id.* at ¶ 10.  By letters dated May 22, 2017, Plaintiffs stated that they specifically sought:

- Any documentation—including, but not limited to, transcripts or notes—memorializing the contents of the discussion between President Trump and the two Russian Government officials in the Oval Office on May 10, 2017;

- Any documentation relied upon for the purpose of briefing President Trump on the intelligence information that falls within the scope of information referenced in category #1, including, but not limited to, documentation that identified the country that had originally gathered the information; and

- Any documentation—including documentation reflecting verbal statements—memorializing the briefing in which President Trump was informed of the intelligence information that falls within the scope of information referenced in category #1, including, but not limited to, documentation that identified the country that had originally gathered the information.

*See, e.g.*, Compl. ¶ 17.  None of the defendant agencies provided a substantive response by the time the plaintiffs initiated their lawsuit with the filing of the Complaint on June 22, 2017. *See* Answer ¶¶ 22, 27, 32, 38, 43, Dkt. No. 5.

The Government subsequently filed a status report setting forth a proposed course of action. *See* Status Report, Dkt. No. 7.  The Government explained that the CIA, NSA, and Federal Bureau of Investigation could neither confirm nor deny whether they possess materials responsive to the plaintiffs' requests without revealing information that is exempt from disclosure by FOIA. *Id.* at ¶ 2.  The Government also stated that the Defense Intelligence

Agency did not locate any responsive records, and the Department of State required a modest amount of additional time to complete its search for responsive materials. *Id.* at ¶¶ 2, 3. The parties recommended that they should first litigate the propriety of the Glomar responses, and later, if necessary, file motions for partial summary judgment with regard to the substantive responses provided by the Defense Intelligence Agency and the Department of State. *Id.* at ¶ 4. The parties proposed a briefing schedule, which provided, somewhat unusually for a FOIA case, that the plaintiffs (at their request) would move for partial summary judgment first, before the Government filed its cross-motion. *Id.* The Court adopted the proposed schedule, and the parties completed briefing the propriety of the Government's Glomar response on November 15, 2017. *See* Dkt. Nos. 8–13. The motions are currently pending.

## ARGUMENT

**I.      Standards to Stay a Case Pending Another Legal Proceeding**

The district courts have "broad discretion to stay proceedings[.]" *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *accord Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). When assessing the merits of a stay request, the Court must "weigh competing interests and maintain an even balance . . . between the court's interests in judicial economy and any possible hardship to the parties[.]" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (internal citation and quotations omitted); *see also Campaign for Accountability v. U.S. Dep't of Justice*, 280 F. Supp. 3d 112, 115 (D.D.C. 2017) (noting that a stay request in a FOIA case "does not alter this analysis"). "In other words, hardship to the parties and benefits to judicial economy are

the key interests to consider in evaluating a motion for a stay." *Nat'l Indus. for Blind v. Dep't of Veterans Affairs*, --- F. Supp. 3d ----, 2017 WL 5176326, *4 (Nov. 7, 2017).

Although an extraordinary remedy, the Court has "broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings." *Nat'l Indus. for Blind*, 2017 WL 5176326, *4–5. But the movant must demonstrate that "the stay is needed and warranted." *Id.* at *5. A stay is undoubtedly warranted in this case.

## II. This Court Should Exercise its Discretion to Temporarily Stay These Proceedings so that It Can Benefit from the Ruling of Another Member of this Court Already Considering the Same Exact Issue

The instant case and *The James Madison Project* involve FOIA requests submitted to the same agencies that seek records related to the same May 10, 2017 Oval Office meeting. And those same agencies provided Glomar responses in both cases for identical reasons—the existence or non-existence of records would tend to confirm, one way or another, whether the CIA and NSA played any role in the May 10, 2017 meeting. There is no daylight between the issues presented in the respective cases, and thus, as the below discussion makes clear, the parties and the Court would likely benefit from a temporary stay.

### A. A temporary stay will promote judicial economy.

A stay would likely conserve the resources of the parties and the Court in litigating this case. *See, e.g.*, *Evans v. Central Intel. Agency*, Case No. 11-2544 (D. Colo. Oct. 26, 2011), Dkt. Nos. 9, 12 (staying FOIA case pending ruling in the District Court for the District of Columbia); *see also Nat'l Indus. for Blind*, 2017 WL 5176326, *8 ("There is no question that 'parallel litigation of factually related cases in separate fora is inefficient' and should be avoided.") (quoting *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003)). First, this Court, with all due respect, may benefit from the analysis and conclusions reached in *The*

5

*James Madison Project*.  *See id.* at *9 (noting that the Court "would love to have the benefit of the [parallel court's] decision prior to its own consideration of the thorny legal issue presented in the instant matters").  Unlike other instances in which a stay may not be the proper course of action, there can be no doubt that a decision in *The James Madison Project* will resolve the identical, lone issue presented by the instant case.  Indeed, the only question addressed in the pending cross-motions for summary judgment is whether the CIA and NSA properly asserted their Glomar responses when presented with FOIA requests functionally indistinguishable from those at issue in this case.  *See id.* at *8 (stay request denied when it was unclear whether the parallel litigation "will actually reach the legal issue that is common to these cases").  Nor are there any legal disputes that the Court would need to resolve notwithstanding the parallel litigation, as the sole issue in the instant case is identical to the only issue addressed in the pending cross-motions for summary judgement.  *See id.* (rejecting stay where the pending appeal was "unlikely to resolve all of the issues" because the parallel litigation involved an "entirely different cause of action").

Second, a decision in *The James Madison Project* has the potential to affect the parties' litigating positions in a way that could streamline the instant proceedings.  For example, a decision in *The James Madison Project* may convince one side or the other to change their respective position in this case, potentially obviating the need for unnecessary litigation.  Or, alternatively, the decision could help the parties refine their respective legal arguments, thus permitting the Court to focus its attention on the crux of the debate.  In either scenario, a stay will benefit the parties and encourage efficiency in these proceedings.

**B.     Plaintiff will not endure any significant hardship in the event the Court grants a temporary stay.**

Plaintiff cannot demonstrate that it will suffer hardship by waiting for a ruling in *The James Madison Project*. The parties in *The James Madison Project* have fully briefed the propriety of the Glomar responses in cross-motions for partial summary judgment, which are currently pending. Indeed, those cross-motions have been before the Court since November 2017, thus the stay will likely not be "immoderate in extent." *Landis*, 299 U.S. at 256. Plaintiff would be hard-pressed to argue that it will suffer a hardship by waiting a minimal period of time for a likely useful judicial opinion, particularly where it waited approximately nine months to file suit on its FOIA request. *See Judicial Watch v. U.S. Dep't of Justice*, 57 F. Supp. 3d 48, 50 (D.D.C. 2014) (observing that a FOIA litigant would not suffer the type of hardship that may warrant the denial of a stay request such as prejudice "resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party") (quoting *Clinton*, 520 U.S. at 681).

On the other hand, Defendants face the real possibility of hardship. Defendants in the instant case have asserted their Glomar responses for the same exact reason as they did in *The James Madison Project*. In particular, the CIA and NSA cannot confirm or deny whether they possess records responsive to the FOIA requests because it would tend to reveal, one way or another, whether they played any role in the May 10, 2017 Oval Office meeting. As explained in *The James Madison Project* briefing, such information is currently and properly classified and thus exempt from disclosure. If, however, the case is not stayed pending decision in *The James Madison Project*, the Government would face hardship by having to expend additional resources litigating the same issue on two fronts within the same district, which would raise the possibility of conflicting decisions. *See, e.g.*, *Davis v. Biomet Orthopedics*, 2013 WL 682906, *2 (D. Md.

Feb. 22, 2013) ("Absent a stay, Defendants will be forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts."). *Cf. Nat'l Indus. for Blind*, 2017 WL 5176326, *7 (declining to hold that inconsistent decisions in the *same* jurisdiction could never qualify as hardship for purposes of a stay).  Alternatively, this Court could wait for the decision in *The James Madison Project*, benefiting from its analysis and possibly avoiding inconsistent rulings.

In summary, staying these proceedings pending a decision in *The James Madison Project* will not cause Plaintiff any cognizable hardship, while promoting "economy of time and effort for [the Court], for counsel, and for litigants."  *Landis*, 299 U.S. at 254.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court stay these proceedings until 14 days after the district court issues its decision in *The James Madison Project, et al. v. Central Intelligence Agency, et al.*, Case No. 17-01231 (ABJ) (D.D.C.). On or before 14 days after that decision, the parties will confer and jointly propose to the Court a schedule for the proceedings in the instant case.

Dated:  May 23, 2018                                   Respectfully submitted,

                                                                       CHAD A. READLER
                                                                       Acting Assistant Attorney General

                                                                       MARCIA BERMAN
                                                                       Assistant Director, Federal Programs Branch

                                                                       */s/ Stephen M. Elliott*
                                                                       STEPHEN M. ELLIOTT (PA Bar# 203986)
                                                                       Trial Attorney
                                                                       United States Department of Justice
                                                                       Civil Division, Federal Programs Branch
                                                                       20 Massachusetts Ave., N.W., Room 7318
                                                                       Washington, D.C. 20530
                                                                       Tel: (202) 305-8177
                                                                       Email: stephen.elliott@usdoj.gov

                                                                       *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2018, I electronically transmitted the foregoing to the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

                                      */s/ Stephen M. Elliott*
                                      STEPHEN M. ELLIOTT (PA Bar# 203986)
                                      Trial Attorney
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Ave., N.W., Room 7318
                                      Washington, D.C. 20530